## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CAMERIN NESHUM THOMAS,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | **Case No.:  2:23-cv-08036-RDP** |
| **v.** | } | **1:22-cr-00261-RDP-GMB-1** |
| | } | |
| | } | |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

### MEMORANDUM OPINION

This matter is before the court on (1) Defendant Camerin Neshun Thomas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Case No. 2:23-cv-08036-RDP ("2255 Doc."), Doc. # 1) and (2) various Motions filed in his criminal case (Case No. 1:22-cr-00261-RDP-GMB-1 ("Crim Doc."), Docs. # 28, 33, 34).

In his § 2255 Motion, Thomas raised a claim of ineffective assistance of counsel under *Strickland* in which he alleged that his counsel was ineffective for failing to argue against the § 851 enhancement in his case for his prior serious drug felony. (2255 Doc. # 1).

The Motions in his criminal case raised similar issues. Thomas alleges that the court improperly enhanced his sentence under 21 U.S.C. § 851 by counting his previous state court convictions as predicate offenses under the Armed Career Criminal Act. (Crim Docs. # 28, 33, 34). Thomas alleges his counsel was ineffective because his counsel did not contest this enhanced

sentence. (*Id.*). Thomas also argued that he was eligible for a sentence reduction under the "Safety valve." (Crim. Doc. # 34).[1]

For the reasons set forth below, all of the motions are due to be denied.

## I.    Background

On July 27, 2022, Thomas was indicted on two counts of Distribution of Methamphetamine. (Doc. # l). The Indictment alleged statutorily enhanced penalties under 21 U.S.C. § 851. That is, the Government asserted Defendant had convictions for one prior serious drug felony and two violent felonies. (*Id.*). On November 18, 2022, the Government filed a second notice of his prior serious drug felony conviction in an Information to Establish Prior Conviction. (Doc. # 19). On November 22, 2022, Thomas pled guilty to these charges pursuant to a written Plea Agreement in which he acknowledged the enhanced penalties for the prior serious drug felony pursuant to 21 U.S.C. § 851. (Doc. # 17).

Thomas's Plea Agreement included a detailed factual basis. (Doc. # 17 at 3-8). That section of the agreement listed in detail the evidence supporting each of the counts to which Thomas pled guilty. (*Id.*). At the conclusion of the factual basis, Thomas signed a stipulation that all of the facts were substantially correct and could be used to calculate his sentence. (*Id* at 8).

Thomas's Plea Agreement also listed the consequences of Thomas accepting the Agreement. In particular, the Plea Agreement explicitly stated that Thomas would "waive and give up the right to challenge [his] conviction and/or sentence." (Doc. # 17). The Plea Agreement also disclosed that the minimum enhanced penalty was fifteen years imprisonment, and the maximum enhanced penalty was life imprisonment. (*Id.*). At the plea hearing, the court carefully explained

---

[1] Thomas is ineligible for the safety valve for at least three reasons—his prior criminal history, the use of a firearm during the commission of the offense (as outlined in his PSR), and his lack of a Safety Valve proffer with the United States.

to Thomas that he was subject to a sentence of fifteen years imprisonment to life imprisonment if he pled guilty. (Transcript Nov. 22, 2022, p. 16). The court asked Thomas if he understood the sentence he faced by pleading guilty; Thomas said he did. (*Id*.). The court also asked Thomas if he understood that he was giving up his right to challenge his sentence by agreeing to the plea deal; again, Thomas said he did. (*Id*. at 14-15). After extensively explaining Thomas's rights to him, Thomas's plea was offered to the court and accepted. (*Id.* at 23). The court found Thomas knowingly and voluntarily offered his plea to the court.

## II.      Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to move in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

III.    **Discussion**

A.      **The Motions in the Criminal Case**

A plea agreement that is knowingly and voluntarily entered into by a defendant is enforceable. *U.S. v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). This court cannot consider Thomas's argument challenging his enhanced sentence because he waived his right to challenge his sentence in his Plea Agreement. (Doc. # 17). Thomas acknowledged under oath that he had agreed to the plea deal and stated that he understood the Plea Agreement barred him from challenging his sentence and required him to serve at least fifteen years in prison. (Crim. Doc. # 36 at 14-16).

At Thomas's plea hearing, the court asked a number of questions to ensure Thomas's plea was knowingly and voluntarily offered. The court asked whether Thomas had reviewed the Guilty Plea Advice of Rights with his counsel. (*Id*. at 2-3). The court outlined each of the charges in the Indictment and Thomas admitted that his counsel had gone over them with him. (*Id*. at 8-9). The court reviewed the elements of each of the offenses to which Thomas was pleading guilty, and what the Government would have to prove as to each offense and with respect to the enhancement. (*Id*.). Additionally, the court clarified that, in order for the enhancement to apply, the Government would have to prove that Thomas possessed 50 or more grams of methamphetamine and Thomas distributed methamphetamine. (*Id*. at 8). And, to be sure, Thomas's counsel and the court were particularly careful to acknowledge the presence of statutory enhancements under 21 U.S.C. § 851. (*Id*. at 4, 16). Thomas's counsel explained that she had answered Thomas's questions about the Plea Agreement and Thomas agreed to the plea deal because the Government agreed to pursue only one of the three prior enhancing convictions. (*Id*. at 11-12). Thomas concurred with his counsel's statement. (*Id*. at 12). To ensure that Thomas understood the Plea Agreement, this court

4

told Thomas on the record that the Plea Agreement reduced the time Thomas could be sentenced to prison from twenty-five years to life to fifteen years to life, and Thomas stated that he understood. (*Id*. at 16). After Thomas's counsel and the court thoroughly explained the plea deal, the court accepted Thomas's guilty plea. (*Id*. at 22-23). Thus, Thomas knowingly and voluntarily waived any right he had to challenge his sentence. For this reason, the Motions pending are due to be denied.

### B.    The 2255 Motion

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two prongs: (1) the petitioner "must show that the counsel's performance was deficient"; and (2) the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The second prong is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A petitioner must identify specific acts or omissions which reveal the lack of reasonably effective assistance. *Strickland*, 466 U.S. at 687; *see also, e.g.*, *Lecroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"). "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted).

In examining counsel's performance, the court should be "highly deferential." *Strickland*, 466 U.S. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. The court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than a complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this second prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden can be met by establishing by a reasonable probability that the outcome of the proceeding would have been

different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391-93 (2000); *Strickland*, 466 U.S. at 691.

Thomas's 2255 Motion raised a claim of ineffective assistance of counsel under *Strickland*. He alleges that his counsel was ineffective for failing to argue against the § 851 enhancement in his case for his prior serious drug felony. (2255 Doc. # 1).

Title 21 U.S.C. § 851 provides enhanced penalties for individuals who violate certain sections of Title 21 after the commission of a "serious drug felony." The term "serious drug felony" is defined by 18 U.S.C. § 924(e)(2) as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance [. . .] for which a maximum term of imprisonment of ten years or more is prescribed by law." The Indictment (Crim. Doc. # 1) alleged statutorily enhanced penalties under 21 U.S.C. § 851, and on November 18, 2022, the Government filed a second notice of Thomas's prior serious drug felony conviction in an Information to Establish Prior Conviction. (Crim. Doc. # 19). On March 29, 2022, Thomas had pled guilty to Possession of a Controlled Substance with the Intent to Distribute in Calhoun County Circuit Court and received a 130 month split sentence with 36 months to serve. Because this conviction falls squarely within the ambit of 18 U.S.C. § 924(e)(2) (as it involved possessing with intent to distribute a controlled substance in violation of Alabama Code section 13A-12-21), any argument that the § 851 enhancement should not apply would have been frivolous for counsel to raise.

As discussed in detail above, Thomas was explicitly advised of the terms of his Plea Agreement and he initialed each page of the Agreement. (Crim. Doc. # 17). The enhanced penalties under 21 U.S.C. § 851 were addressed explicitly in his Plea Agreement and by the court at his plea hearing. The enhancement was properly imposed and any objection by his counsel would have

been frivolous. His counsel's failure to make a frivolous objection to the enhancement did not fall below an objective standard of reasonableness. That is, counsel was not ineffective for failing to make such an argument.

Furthermore, at Thomas's plea hearing, the court asked a number of specific questions to ensure that Thomas's plea was knowing and voluntary. (Crim Doc. # 36). The court asked whether Thomas had reviewed the Guilty Plea Advice of Rights with his counsel, and Thomas acknowledged he had. The court then outlined each of the charges in the indictment and asked whether Thomas and his counsel had gone over them, and Thomas acknowledged they had. The court went over the elements of each of the offenses to which Thomas was pleading guilty, and what the Government would have to prove for each offense. The court was careful to acknowledge the presence of statutory enhancements under § 851, and even discussed on the record that the agreement by the Government to only pursue one of the three prior enhancing convictions originally charged was part of Thomas's consideration in pleading guilty. (Crim Doc. # 36 at 11-12).

Thomas was sentenced below the maximum Guidelines range, and well below the statutory maximum of life in prison. Any failure to object to such a sentence did not fall below an objective standard of reasonableness. Thomas has failed to meet his burden of showing that his counsel's performance fell below an objective standard of reasonableness. *Holladay*, 209 F.3d at 1248. Therefore, he has also failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. For all of these reasons, Thomas's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is due to be denied.

## IV.    Conclusion

For all of the reasons set forth above, Thomas's various Motions filed in his criminal case (Crim. Docs. # 28, 33, 34) and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (2255 Doc. # l) are due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this October 29, 2025.

_____

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE